**Charles Marion ROBERTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51209.**

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

the remainder of his sentence. Francis was never required to serve any portion of his

———

W. N. Shaw, Freeport, for appellant.

Ogden Bass, Dist. Atty. and Jerome L. Farrer, Asst. Dist. Atty., Angleton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of murder; the punishment assessed is imprisonment for 60 years.

We have reviewed this appeal in the interest of justice as required by Article 40.-09, Sec. 13, V.A.C.C.P., and we reverse the judgment since the pleading does not support a conviction for the offense for which appellant was found guilty.

The first count of the indictment was waived and the State elected to try the appellant on the second count of the indictment. The appellant entered a plea of guilty to that count which in pertinent part reads:

". . . on or about the 18th day of September, A.D. 1974, in the County and State aforesaid, Charles Marion Robertson, did then and there, intending to cause serious bodily injury to an individual, William Howard Keys, commit an act clearly dangerous to human life, to-wit,

sentence until after the completion of the appellate process.

did then and there cut and stab the said William Howard Keys, with a knife; . . ."

Since the count of the indictment under which the appellant was found guilty fails to allege that the appellant caused the death of William Howard Keys it fails to allege the offense of murder under the provisions of V.T.C.A. Penal Code, Sec. 19.02. That section provides:

"(a) A person commits an offense if he:

"(1) intentionally or knowingly causes the death of an individual;

"(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

"(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

"(b) An offense under this section is a felony of the first degree."

It appears that the second count of the indictment would only support a conviction for simple assault. V.T.C.A. Penal Code, Sec. 22.01.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.